## STATE ex PAYNE v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2999. Decided February 27, 1939

Frank A. Dye, Columbus, for relator. Thomas J. Herbert, Attorney General, Columbus, and E. P. Felker, Asst. Atty. General, Columbus, for respondent.

**OPINION**

BY THE COURT:

This is a suit wherein the relator seeks a writ of mandamus requiring the respondent to award nim compensation

as upon permanent total disability from September 10, 1935 to September 11, 1936.

It appears that prior to September 11, 1935, the Commission had awarded compensation to the relator for temporary total disability to the maximum sum of $3750, and later awarded the maximum sum of $3750 to him for temporary partial disability.

November 12, 1935 the Commission determined that relator was still partially disabled and that he had been paid the maximum amount provided by law for such disability. December 2, 1936, relator applied for additional compensation beyond the date of the last payment to him, namely, September 11, 1935, upon the claim that he was permanently and totally disabled. On December 3, 1936, an application to modify previous award was filed by relator in which he sought the same relief as on his application of December 2. Both of these applications were denied. A sheet from the record of proceedings bearing dates of April 27 and May 20, 1938 shows the dismissal of certain applications with the notation that the decision is based upon medical reports on record following an oral report made to the Commission by members of the medical staff. On May 25, 1938, another application was filed and on June 23, 1938, the Commission again held against the relator.

On July 21, 1938, relator renewed his application to modify previous award which was dismissed on August 16, 1938. In passing upon this last application the Commission referred to a memorandum filed in support of the application in the form of reports of examinations made by the Veterans' Bureau on August 29, 1932 and July 23, 1934, both of which reported the relator to be permanently and totally disabled. The Commission said that no new facts had been added to the file not previously considered, and further stated that the relator was able to drive an automobile though he was not engaged in any industrial activities. The Commission dismissed the application. An application of August 25, 1938, for further compensation made by relator was dismissed. According to the same sheet from which we glean the information of a dismissal of the application to modify previous award, date July 21, 1938, there is a notation that "it is ordered that the recommendation of August 16, 1938 be adopted," and under date of August 25, 1938 the notation "held for decision". The same sheet also bears date of September 22, 1938 and at the top thereof the notation "Permanent Total Beg. 9/1/36."

The brief of relator states that the Commission placed relator under a permanent total basis on May 4, 1937, and dated his payments back to September 1, 1936. We find no order of the Commission dated May 4, 1937, and we might further say that upon the record as it comes to us it is difficult to tell upon what dates the Commission promulgated its orders, and though reference is made to reports of the Veterans' Bureau and of examinations of the medical staff of the Commission in instances these reports are not to be found.

It is evident upon the whole record that several applications of the relator subsequent to September 1, 1936 were dismissed by the Commission and thereafter it reversed its former holdings and fixed the time when payments for permanent total disability should begin as of date, September 1, 1936.

There are two theories upon which the action of the Commission may be predicated. First, that though the relator from a medical standpoint might be properly classified as totally disabled during the period of September 11, 1935 to September 1, 1936, he was able to engage in gainful employment; and second, that the Commission acting upon the reports of its own examiners, in conjunction with the reports of the Veterans' Bureau, determined that relator was permanently totally disabled but fixed the date when such disability began as of September 1, 1936. As to both of these conclusions,

6

particularly the latter, the Commission had support. We can not say that it manifestly abused its discretion in fixing the period of total disability to begin September 1, 1936.

We can not take any one statement of doctor, examiner or investigator and bind the Commission thereby, nor was it required to accept in ■ all respects the findings of the Veterans' Bureau. It has the right to make decision upon composite determination of all of the evidence that was before it.

It is suggested that although the Commission fixed the date of total disability as of September ■ ber 1, 1936, it did not make payments begin until September 11, 1936. If this is true the Commission should correct this manifest error on its own motion.

The writ will be denied.

HORNBECK, PJ, GEIGER & BARNES, JJ, concur.